IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY MARTIN,

        **Plaintiff,**

vs.                           **CRIMINAL ACTION NO. 1:05CV64**
                                       **(Judge Stamp)**

**WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,**
a West Virginia Corporation,

        **Defendant.**

## ORDER/OPINION

On the 28th day of February, 2006, Defendant, "West Virginia University Hospitals, Inc." ("Defendant") filed its Motion to Compel [Docket Entry 69]. On the 14th day of March, 2006, Plaintiff Mary Martin ("Plaintiff") filed her Response [Docket Entry 75] and Motion for Protective Order [Docket Entry 76].

The issues in these motions are not complex and the undersigned finds the parties' memoranda sufficient to decide the issue without oral argument.

Plaintiff filed a Complaint in this matter alleging that Defendant terminated her employment due to a temporary disability or handicap in violation of the West Virginia Human Rights Act and Family Medical Leave Act. As a result of Defendant's conduct, Plaintiff alleges she "has suffered lost wages and benefits, out-of-pocket losses, emotional and mental distress, humiliation, anxiety,

embarrassment, depression, aggravation, annoyance and inconvenience." (Complaint at paragraphs 6 and 42). In her Prayer for Relief Plaintiff requests, among others, "compensatory damages in an amount to be determined at trial for the severe emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, and inconvenience suffered by her as a result of Defendant's unlawful conduct." (Complaint at page 8, paragraph 7).

On July 5, 2005, Defendant served upon Plaintiff its "First Set of Interrogatories and Request for Production of Documents." Plaintiff filed her answers and responses on August 22, 2006.[1] The following requests and responses are at issue for the purposes of Defendant's Motion:

> INTERROGATORY NO. 12: Please provide the following information for any and all health care providers you have consulted for treatment in the past and present: name, address and medical speciality, if any; the approximate number of years you have consulted said provider; nature of the condition for which you consulted each health care provider; diagnosis and type of treatment prescribed, including any and all prescription medications; and list the medications you are currently taking and the name of the provider who prescribed each.
>
> ANSWER: OBJECTION: This Interrogatory is overly broad and exceeds the scope of permissible discovery under Rule 26 of the West Virginia Rules of Civil Procedure. Specifically, it is overly broad because it is not limited in scope or subject matter. It is also overly broad because the time period for which it seeks information-i.e., "past and present" – is excessive and not reasonable [sic] calculated to lead to the discovery of admissible evidence.
> Without waiving such OBJECTIONS, and in a good faith effort to answer the portion of the Interrogatory that is not objectionable, Plaintiff attaches hereto medical records which are applicable to the allegations in her Complaint.
>
> REQUEST NO. 9: Produce all medical records from health care providers identified in response to Interrogatories [sic] number 12 or

---

[1] The parties do not raise the issue of timeliness, and the undersigned finds, under the particular facts of this motion, that Defendant's motion is timely filed.

> execute, sign and return the attached release authorizing the law firm of KAY CASTO & CHANEY PLLC to receive copies of any and all medical records from those health care providers.
>
> RESPONSE: Please see Plaintiff's answer to Interrogatory number 12 *supra*, and the documents attached hereto.

According to Defendant, Plaintiff did not execute a medical authorization, but did attach records reflecting treatment provided by Caroline Esposito, Plaintiff's mental health counselor, beginning October 9, 2002.

Also according to Defendant, it subsequently agreed to limit the above-stated requests to information related only to Plaintiff's "past treatment for depression, anxiety or any other mental or emotional condition." (Defendant's Motion at 5).

During Plaintiff's deposition on November 22, 2005, Plaintiff testified as to a period of treatment with Caroline Esposito for anxiety in January 2002. Plaintiff, however, had not produced records regarding treatment by Ms. Esposito during this time period.

In her Response to the Motion to Compel, Plaintiff states the "at issue" medical records concern: 1) Treatment from October 1993 to August 1995 and 2) treatment from July 2001 to May 2003.

Defendant certified counsel for the parties conferred via telephone on Tuesday, February 28, 2006, in an effort to narrow the scope of the motion prior to filing with the Court.

## DISCUSSION

Defendant argues it is entitled to discover all of Plaintiff's mental health records as she has put her mental health at issue. Plaintiff argues Defendant's actions resulted in only: (1) "garden

3

variety" emotional distress and (2) a relapse of her depression. In addition, Plaintiff argues the records of treatment from 1993 to 1995 "occurred more than ten years ago and [are] completely unrelated to any of the allegations in the Complaint..." and the records from July 2001 to May 2003 "involve[] matters unrelated to the allegations in the Complaint." Further, "[i]n both instances, the information requested involved the disclosure of highly private and personal information of a sensitive and confidential nature." (Plaintiff's Response at 3). In support, Plaintiff cites Burrell v. Crown Central Petroleum, Inc., 177 F.R.D. 376 (E.D. Tex. 1997); Jenson v. Eveleth Taconite Co., 130 F.3d 1287 (8th Cir. 1997); and Bottomly v. Leucadia National, 163 F.R.D. 617 (D. Utah 1995).

The undersigned finds the above-cited cases are distinguishable from and do not support Plaintiff on this issue. In Burrell, the court first noted that the plaintiff had not put her mental condition "in controversy" for purposes of a Rule 35 independent medical examination. The court then held that the plaintiff's mental condition had not been put "at issue" for purposes of Federal Rule of Civil Procedure 26(a)(1)(B) disclosures. In the present case, however, Defendants request the information pursuant to F.R.Civ.P. 26(b)(1), which provides, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. [2]

In Jenson, the defendants had sought discovery of the personal background of the plaintiffs, including their detailed medical histories, childhood experiences, domestic abuse, abortions, sexual

---

[2]In contrast, Rule 26(a)(1)(B) mandates production of evidence "that the disclosing party may use to support its claims or defenses . . . ." and Rule 35 applies "[w]hen the mental . . . condition . . . of a party . . . is in controversy." Neither rule is as broad as Rule 26.

4

relationships, etc. The court agreed that "much of" that discovery was not relevant or too remote in time. Here Defendants are requesting records of treatment for mental impairments, from a plaintiff who has alleged, among others, depression and "a relapse of her depression."

In Bottomly, the court stated held that a plaintiff did not waive privacy interests on matters that were "unrelated to the case or not calculated to lead to admissible evidence." Here the undersigned cannot say that Defendant's request for records concerning Plaintiff's treatment for mental health problems is "unrelated" to a case in which she alleges, among others, depression and a relapse of her depression.

Defendant argues that: 1) Plaintiff's claimed mental damages are not "garden variety" emotional distress; 2) Plaintiff's history of depression is not only relevant to her claim of emotional distress but also to her claim of disability discrimination; and 3) the liberal rules of discovery require the production of mental health records, even if the claim is for "garden variety" emotional distress. In support, Defendant cites Merrill v. Waffle House, Inc., 227 F.R.D. 467 (N.D. Tex 2005). In Merrill, as here, the plaintiff argued that certain medical records were irrelevant. Significantly, the plaintiff also relied on Burrell. The court in Merrill found Burrell inapplicable because it relied on Rule 26(a)(1)(B), not Rule 26(b)(1). This recent case then discussed other courts' findings regarding the issue:

> Utilizing this broad construction of relevance in Rule 26(b)(1), several courts have found that medical records are relevant to claims of mental anguish in discrimination cases. *See Owens v. Sprint/United Mgt. Co.*, 221 F.R.D. 657, 660 (D.Kan.2004) (finding that records relating to plaintiff's medical care, treatment, and counseling were relevant to claim for "garden variety" emotional damages under Title VII as well as to defenses against claim because the records could reveal unrelated stressors that could have affected her emotional well-

5

being); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D.Ca.2003) (finding that medical records involving mental health, including physical conditions tied to mental health, were relevant under the broad definition of relevance in Rule 26(b)(1)); *Payne v. City of Philadelphia*, 2004 WL 1012489, *3 (E.D.Pa. May 5, 2004) (finding that mental health records were relevant since they might suggest whether plaintiff's mental injuries were due to circumstances prior to or as a result of incident at issue, or whether he suffered injuries at all, and interests of adequate and fair discovery favored discovery); *Garrett v. Sprint PCS*, 2002 WL 181364 (D.Kan. Jan.31, 2002) (finding that plaintiff's intent not to present expert testimony in support of her emotional distress claim did not make medical records and information any less relevant); *LeFave*, 2000 WL 1644154, *2 (finding that medical records were relevant to claim for emotional distress damages and to defense against claim because they could reveal unrelated stressors). *See also Simpson*, 220 F.R.D. at 365 (finding that medical records specifically referencing or describing plaintiff's emotional or psychological condition were relevant and should be disclosed, but disallowing disclosure of other medical records relating to physical injuries or conditions unrelated to claims at issue).

Plaintiff has alleged damages due to "severe emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance, and inconvenience." The undersigned finds that Plaintiff's alleged damages, including depression and relapse of depression, are not "garden variety" mental emotional distress. The undersigned finds the evidence sought by Defendant "appears reasonably calculated to lead to the discovery of admissible evidence," and is therefore discoverable. Defendant's Motion to Compel [Docket Entry 69] is therefore **GRANTED** and Plaintiff's Motion for Protective Order [Docket Entry 76] is **DENIED**. This order does not address the admissibility of any such evidence produced.

Plaintiff shall fully respond, within ten (10) days, to Defendant's Interrogatory No. 12 and Request No. 9, as limited by Defendant to "any and all records reflecting treatment for any mental

or emotional condition, including any and all records reflecting Plaintiff's treatment with Caroline Esposito." It is further **ORDERED** that, if the parties do not already have a "Protective Order" in place that would protect these documents from further dissemination,:

1. All such records produced shall be marked "confidential" by Plaintiff;

2. No copy of the information submitted shall be filed with the Court;

3. Counsel for Defendant shall be responsible for maintaining a list of each and every party, parties' attorneys, and parties' experts who is permitted by him or her to see or have a copy of all or any part of the documents produced in accord with this Order;

4. Prior to permitting any person to see or receive a copy of the information produced pursuant to this Order, counsel shall deliver to each and every such person a copy of this Order, including the protective provisions hereof, and have them sign a written receipt by which they acknowledge they have read and understand the order and are bound thereby;

5. The information contained in the documents shall not be exhibited, reproduced, disseminated, described, made available for inspection or copying in kind, nor shall the same be disclosed whole or in part in any other manner to any person other than the Court, the parties, the parties' attorneys and the parties' experts;

6. The information contained in the documents shall not be further released, disclosed, discussed or used beyond that which is specifically provided for herein except upon the prior written Order of this Court;

7. Within 30 days of the entry of an Order completing this case and if the records or their contents are not admitted as part of the evidence before a jury and thus made public, said records and the authorized copies thereof, together with the written and signed acknowledgments required

hereunder, shall be gathered up by counsel for Defendant and thereafter delivered to counsel for Plaintiff.

**IT IS SO ORDERED.**

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: April 5, 2006

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE