# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARY MARTIN,**

    **Plaintiff,**

vs.                                **CRIMINAL ACTION NO. 1:05CV64**
                                           **(Judge Stamp)**

**WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,**
a West Virginia Corporation,

    **Defendant.**

## ORDER/OPINION

On the 15th day of March, 2006, Plaintiff Mary Martin ("Plaintiff") filed her "Motion to Compel Discovery" [Docket Entry 77]. On March 27, 2006, Defendant, "West Virginia University Hospitals, Inc." ("Defendant") filed its Response [Docket Entry 81] and Motion for Protective Order [Docket Entry 80].

The issues in these motions are not complex and the Court finds the parties' memoranda sufficient to decide the issue without oral argument.

Plaintiff filed a Complaint in this matter alleging that Defendant terminated her employment in violation of the West Virginia Human Rights Act and Family Medical Leave Act.

On January 13, 2006, Plaintiff served upon Defendant her "Second Set of Interrogatories, Request for Production of Documents and Things, and Request for Admissions." Defendant timely its answers and responses on February 13, 2006. Plaintiff filed her "Motion to Compel" on March

15, 2006, and Defendant filed its "Response" and "Motion for Protective Order" on March 27, 2006. At issue are Defendant's responses to Requests for Production Nos. 1, 2, 3, 8, 9, and 13, and Requests for Admission Nos. 1, 2, 3, and 4.

Requests for Production 1, 8, and 9 ask that Defendant produce the complete personnel files of Kelly Lamb, Gail Swanson, and Harry Peck, respectively. Request No. 2 asks Defendant to produce all documents reflecting Ms. Lamb's job title and status at all times during her employment with WVUH and/or Chestnut Ridge Hospital, including but not limited to PA Forms and transfer request forms. Request No. 3 asks Defendant to produce all payroll records for Ms. Lamb from January 1, 2000, to December 31, 2003.

Defendant objected to the above five Requests "on the grounds that the information requested is confidential information concerning an individual who is not a party to this civil action. Additionally, the Plaintiff has failed to present any grounds upon which she may be entitled to this confidential information concerning the employment of [Ms. Lamb, Ms. Swanson, or Mr. Peck]. As a result, the information requested is not likely to lead to the discovery of any information that is relevant or admissible at the trial of this matter."

Defendant did, however, provide in narrative form the dates of hiring, job titles, promotions, transfers, and dates of and reasons for termination of the three individuals, as well as a chart entitled "Kelly Lamb: Compensation Information – Prepared 02-10-06," reflecting Ms. Lamb's hourly rates, increase dates, and titles from June 12, 2002 to March 16, 2003.

Request No. 13 asks Defendant to produce "mirror image copies of any hard drive or server containing work processing documents (including e-mails, policy statements, memoranda, and other similar documents) generated by Cheryl Jones, Doug Mitchell, Harry Peck, and/or any support staff

working for these three individuals." Defendant objected to this request on the grounds that it was overly broad, unduly burdensome, and not relevant, and that the hard drives requested could contain medical information of clients and patients, prohibited from disclosure by HIPAA. In its Response to this Request, Defendant offered that "Plaintiff should be required to limit her request in time and to subject matters relevant to the case at bar rather than seeking a carte blanche review of these hard drives."

Plaintiff also takes issue with Defendant's responses to Requests for Admission 1, 2, 3, and 4. Plaintiff's argument in this regard is that "Defendant denied each of the factual matters asserted. However, the denials are in direct contradiction to the deposition testimony of the Defendant via its corporate representatives." (Plaintiff's Motion at 2).

## DISCUSSION

As a threshold matter, the undersigned notes the Scheduling Order in this matter provides, in pertinent part:

> 1. <u>Discovery</u>: All discovery shall be fully served and completed by **February 15, 2006.** "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses.

(Emphasis in original). Here, Plaintiff did not serve the discovery requests at issue until January 13, 2006. Defendant therefore had until February 13, 2006, two days before the close of discovery, to respond. Defendant did timely respond by hand-delivery on February 13, 2006. That same date the parties jointly moved the Court to extend the discovery deadline <u>for depositions only</u> to March 15,

3

and the dispositive motions deadline to March 24, 2006. The Court granted the motion, extending the discovery date for all discovery to March 15, 2006, and the dispositive motions deadline to March 24, 2006. The new scheduling order contained the identical language of the original.

The undersigned finds the Motion to Compel untimely under either scheduling order. Both orders clearly state that discovery "shall be fully served and completed" by the deadline date. Both orders also clearly state that completed discovery means that all "motions to compel and all other motions and replies . . . must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses." Because the Motion to Compel was filed on the very last day of discovery, even as extended by the Court, Defendant clearly could not respond within the discovery deadling. The reason for the discovery deadline to include all motions and responses is made abundantly clear by this case. By the time Defendant responded to the motion, the deadline for filing dispositive motions had already passed, and the final pretrial conference was only one month away. The trial itself was only six weeks away. As yet, the time for filing a Reply to the Motion to Compel and a Response to the Motion for Protective Order, if any, under the Rules has not even passed.

The Court therefore finds Plaintiff's Motion was untimely filed under the scheduling order, and for this reason alone **DENIES** the motion.

Even if Plaintiff's motion had been timely filed, the Court finds Defendant's Motion for Protective Order persuasive. In Keyes v. Lenoir Rhyne College, 552 F.2d 579 (4th Cir. 1977), the Fourth Circuit held as follows:

> Under Rule 26(c) of the Federal Rules of Civil Procedure, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden

4

or expense * * * ," and the scope of such an order lies within the discretion of the trial judge and will be reversed only if there is an abuse of that discretion. *Galella v. Onassis*, 487 F.2d 986 (2 Cir. 1973); *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204 (8 Cir. 1973); **Wright & Miller, Federal Practice and Procedure,** s 2036 (1970). In the present case the College asked that the confidentiality of the faculty evaluation records be protected, urging that the assurance of confidentiality enabled the College to receive honest and candid appraisals of the abilities of the faculty members by their peers. It was, of course, necessary for the court to balance this interest of the College against the need of the plaintiff for such material, and if the College had sought to justify any male-female disparity on the basis of these evaluations the plaintiff should have been granted the opportunity to use them to demonstrate that the explanation was pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Here, however, the College did not resort to the evaluations for that purpose, and in the absence of some further showing on the part of the plaintiff, the district court's decision to protect these records from disclosure was not an abuse of its discretion.

(Internal footnotes omitted.). F. R. Civ. P. 26(b)(2)(iii) further states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Defendant argues the "complete personnel files" of non-parties and "mirror images" of hard drives or servers requested by Plaintiff are confidential. The undersigned agrees. See, e.g., Rollins v. Barlow, 188 F. Supp.2d 660 (S.D.W.Va. 2002)("personnel records of any employer should be confidential to protect the privacy concerns of employees."). This does not end the matter, however. As stated in Keyes, *supra*, the Court is required to balance this interest against the need of the plaintiff for such material. Yet Plaintiff offers no assistance in this regard, stating only:

5

> Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the foregoing information is clearly relevant and reasonably calculated to lead to the discovery of admissible evidence pursuant to Plaintiff's legal claims in this case.

(Plaintiff's Motion at 3). Plaintiff does not explain in what way, if any, this information is relevant to her claims. The undersigned finds Plaintiff's explanation insufficient when balanced against the privacy interests stated by Defendant. See Kirkpatrick v. Raleigh County Bd. of Educ., 78 F.3d 579, 1996 WL 85122 (4th Cir. W.Va. 1996)(unpublished).[1] Kirkpatrick was also a discrimination case, in which the plaintiff, a black female teacher over the age of 40, alleged race, age, and gender discrimination. She moved the trial court to compel production of information from other teachers' personnel files, and the trial court granted the defendant's motion for protective order. The Fourth Circuit affirmed, stating:

> As for Kirkpatrick's motion for production of information from other teachers' personnel files, we find that the court did not abuse its discretion in affirming the magistrate judge's order denying Kirkpatrick's motion to compel and granting Defendants a protective order as to those documents. Under Fed.R.Civ.P. 26(b)(1), parties may obtain discovery as to any non-privileged matter that is "relevant to the subject matter involved in the pending action" or information that "appears reasonably calculated to lead to the discovery of admissible evidence." Kirkpatrick never established the relevance of personnel files of other teachers under this rule. We also find that the court properly balanced privacy interests against Kirkpatrick's need for the material in granting the Defendant's protective order as to this information.

Id. at **2.

The Court also notes Defendant did provide, in summary form, information regarding the three employees, including their dates of hire, promotion, transfer, and termination, their job titles

---

[1] In accord with CTA4 Rule 36(c), the Court has attached a copy of Keyes to this Order.

and pay rates, and the reasons for their termination. Defendant further provided a chart regarding Ms. Lamb's compensation. This further weighs in favor of Defendant, in light of the lack of any explanation of need from Plaintiff.

Finally, the Court finds Request No. 13 overbroad and unduly burdensome on its face.

The Requests for Admission at issue and Responses thereto are as follows:

REQUEST FOR ADMISSION 1: No one from Employee Health considered the disability discrimination provisions of the West Virginia Human Rights Act in handling Ms. Martin's medical leave of absence in 2002-3.

RESPONSE: Deny.

REQUEST FOR ADMISSION 2: No one from Human Resources considered the disability discrimination provisions of the West Virginia Human Rights Act in handling Ms. Martin's medical leave of absence in 2002-3.

RESPONSE: Deny.

REQUEST FOR ADMISSION 3: No one from Chestnut Ridge Hospital considered the disability discrimination provisions of the West Virginia Human Rights Act in handling Ms. Martin's medical leave of absence in 2002-3.

RESPONSE: Deny.

REQUEST FOR ADMISSION 4: No one from West Virginia University Hospitals considered the disability discrimination provisions of the West Virginia Human Rights Act in handling Ms. Martin's medical leave of absence in 2002-3.

RESPONSE: Deny.

In other words, Defendant unambiguously denied the truth of all the matters requested. In support of her motion, Plaintiff argues:

> [I]n response to Request for Admission Nos. 1, 2, 3 and 4, Defendant denied each of the factual matters asserted. However, the denials are in direct contradiction to the deposition testimony of the Defendant via its corporate representatives.

7

(Plaintiff's Motion at 2). Plaintiff does not provide the testimony or any further explanation or argument in support of this contention. Nor does Plaintiff cite any case law that would support this Court's compelling Defendant to change its responses to the requests. Fed.R.Civ.P. 36 provides, in pertinent part:

> (a) .... A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground along, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Defendant or any other party always responds subject to the risks of Rule 37(c)(2), which provides, in pertinent part:

> If a party fails to admit . . . the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves . . . the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Plaintiff has not provided to the Court any evidence that Defendant's denials were made in bad faith or were incorrect. The Court therefore declines to compel Defendant to change its unqualified denials.

For all the above reasons, Plaintiff's Motion to Compel Discovery [Docket Entry 77] is **DENIED** and Defendant's Motion for Protective Order [Docket Entry 80] is **GRANTED**.

**IT IS SO ORDERED.**

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: April 5, 2006

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

Westlaw.

78 F.3d 579 (Table)

78 F.3d 579 (Table), 1996 WL 85122 (4th Cir.(W.Va.))
**Unpublished Disposition**

(Cite as: 78 F.3d 579, 1996 WL 85122 (4th Cir.(W.Va.)))

C

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.
Lula KIRKPATRICK, Plaintiff-Appellant,
v.
RALEIGH COUNTY BOARD OF EDUCATION;
Ronald Bee Cantley, II, Defendants-Appellees.
No. 95-2491.

Submitted Feb. 6, 1996.
Decided Feb. 29, 1996.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-94-71-5)

S.D.W.Va.

AFFIRMED.

Douglas Miller, Institute, West Virginia, for Appellant. Charles R. Bailey, Roberta F. Green, SHUMAN, ANNAND & POE, Charleston, West Virginia, for Appellees.

Before NIEMEYER and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.

OPINION

PER CURIAM:

**1 Lula Kirkpatrick appeals from district court orders that granted summary judgment to the Defendants in her civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and denied her motion to set aside or vacate that order. Kirkpatrick alleged in her complaint that she was constructively discharged based on her race and age. Because we find that Kirkpatrick failed to establish that she was constructively discharged and that the court did not abuse its discretion in denying her motion to **compel** production of **personnel files** of other teachers or in granting Defendants a protective order as to those records, we affirm.

This Court reviews summary judgments de novo. *Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is properly granted when there is no genuine issue of material fact and the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). This Court must construe the evidence before it in the light most favorable to the nonmoving party. *See Cole v. Cole,* 633 F.2d 1083, 1092 (4th Cir.1980).

Kirkpatrick is a black female over the age of forty who was employed by Raleigh County Schools from 1968 until her resignation in 1994. Kirkpatrick was regularly evaluated during her tenure as a teacher; the evaluations were performed over time by different people of various races, ages, and genders. As early as 1983, the evaluations noted concern about Kirkpatrick's ability to discipline students and control her classroom. These events culminated in October 1992, when Cantley, the principal of the school in which

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

78 F.3d 579 (Table)

78 F.3d 579 (Table), 1996 WL 85122 (4th Cir.(W.Va.))
**Unpublished Disposition**

**(Cite as: 78 F.3d 579, 1996 WL 85122 (4th Cir.(W.Va.)))**

Page 2

Kirkpatrick worked, and McClung, the assistant principal, both noted problems with Kirkpatrick's ability to manage the classroom. On the day that Cantley observed and evaluated Kirkpatrick, Kirkpatrick refused to sign the evaluation, finished her work day, and left. She never returned to work and ultimately resigned after an extended medical leave.

Construing the record in the light most favorable to Kirkpatrick, we find that she has failed to establish a prima facie case of disparate treatment because of her age, race or gender. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). Though it is undisputed that she is a member of a protected class, Kirkpatrick has failed to establish that she suffered any adverse employment action.

In order to establish that she was constructively discharged, Kirkpatrick must show that Defendants "deliberately" made her working conditions "intolerable," thus forcing her to quit her job. *Amirmokri v. Baltimore Gas & Elec. Co.,* 60 F.3d 1126, 1132 (4th Cir.1995). There is no evidence in the record that the Defendants evaluated Kirkpatrick with the deliberate intent of forcing her to quit. Neither is there any evidence that the workplace had become intolerable. There was undisputed evidence that a white male teacher was evaluated at least as frequently as Kirkpatrick but did not quit. There was other evidence that Cantley evaluated white teachers who were older than Kirkpatrick with the same frequency and detail. Thus, Kirkpatrick hasfailed to establish any adverse employment action by the Defendants.

**\*\*2** As for Kirkpatrick's motion for production of information from other teachers' **personnel files**, we find that the court did not abuse its discretion in affirming the magistrate judge's order denying Kirkpatrick's motion to **compel** and granting Defendants a protective order as to those documents. Under Fed.R.Civ.P. 26(b)(1), parties may obtain discovery as to any non-privileged matter that is "relevant to the subject matter involved in the pending action" or information that

"appears reasonably calculated to lead to the discovery of admissible evidence." Kirkpatrick never established the relevance of personnel files of other teachers under this rule. We also find that the court properly balanced privacy interests against Kirkpatrick's need for the material in granting the Defendants' protective order as to this information. *See* Fed.R.Civ.P. 26(c)(1); *Keyes v. Lenoir Rhyne College,* 552 F.2d 579, 581 (4th Cir), *cert. denied,* 434 U.S. 904 (1977).

For these reasons, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

78 F.3d 579 (Table), 1996 WL 85122 (4th Cir.(W.Va.)), Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 1995 WL 17056076 (Appellate Brief) Brief of Appellant (Oct. 25, 1995)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.